Robert A. Naeve (State Bar No. 106095)
rnaeve@jonesday.com
Steven M. Zadravecz (State Bar No. 185676)
szadravecz@jonesday.com
Mason R. Winters (State Bar No. 273639)
mrwinters@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Attorneys for Defendant
AVON PRODUCTS, INC.

EQUALITY LAWYERS, LLP
LAWRENCE A. ORGAN (SBN 175503)
Larry@equalitylawyers.com
BARBARA E. FIGARI (SBN 251942)
Barbara@equalitylawyers.com
COLLIN R. MOORE (SBN 271143)
407 San Anselmo Avenue, Suite 201
San Anselmo, CA 94960
T. 415.453.4740
F. 415.453.4777

Attorneys for Plaintiff IRVIN CHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN CHEN,<br><br>          Plaintiff,<br><br>     v.<br><br>AVON PRODUCTS, INC.; and DOES 1 through 50, inclusive,<br><br>          Defendants. | **CASE NO.  CV11-2285 GW (SHx)**<br><br>**ORDER FOR PROTECTIVE ORDER PURSUANT TO THE PARTIES' JOINT STIPULATION** |

Having reviewed the Joint Stipulation filed by the parties on August 15, 2011, and good cause appearing therefore, the Court hereby Orders:

1. The Parties to the above-captioned action have determined that certain information to be produced in this action contains Confidential Information (as defined below), the unauthorized disclosure of which would be detrimental to the legitimate commercial or privacy interests of the Party producing such information. Therefore, the Parties, through their counsel of record, hereby agree as follows: This Stipulated Protective Order shall govern documents, electronically-stored information, materials, depositions or other testimony, deposition exhibits, interrogatory responses, responses to request for admissions, and other information produced by the Parties (or third parties) in connection with this case. All such materials and information shall be referred to as "Information."

**CONFIDENTIAL INFORMATION**

2. The following definition shall govern the interpretation and application of this Order:

   A. The term "Confidential" describes Information that contains sensitive and nonpublic business or financial information, personal financial information, sensitive and nonpublic personnel information, trade secrets, or other confidential or proprietary commercial, research, or development information, including but not limited to: (a) documents identifying individuals' social security numbers or other sensitive, nonpublic personal information; (b) documents identifying individuals' investments or other personal, nonpublic financial information; (c) documents containing sensitive, nonpublic information about a Party's clients or customers; and (d) documents containing sensitive, nonpublic information concerning a Party's accounting, financial transactions, or proprietary business methods.

3. Any Information produced by a Party to this litigation (the "Producing Party") that such Party believes in good faith contains or comprises any confidential, proprietary, commercially sensitive, or trade secret information may be designated by the Producing Party as "Confidential" by marking or designating

the information in the manner provided in paragraph 4 of this Stipulated Protective Order.  In addition, a Party may also designate as "Confidential" any Information that is produced or disclosed by any third party, provided that such Information contains "Confidential" Information (as defined in paragraph 2) of the Party who designates such Information ("Designating Party").  A Party may designate such Information by sending written notice of such designation, accompanied by copies of the designated Information bearing the "Confidential" stamp, to all other Parties in possession, custody, or control of such previously un-designated Information. Any Party receiving such notice and copy of the designated Information pursuant to this paragraph shall, within thirty (30) days of receipt of such notice (or such other time as may be agreed upon by the Parties):  (a) destroy all un-designated copies of such Information in its possession, custody, or control obtained in discovery in this matter; or (b) at the Designating Party's expense, return to the Designating Party all un-designated copies of such Information in its possession, custody, or control obtained in discovery in this matter.  The preceding notwithstanding, a Party may move for an Order designating certain information "Confidential" pursuant to paragraph 9.

4. Any Confidential Information shall be designated "Confidential" by the Producing Party or Designating Party by so stamping the material with the appropriate legend.  All depositions shall be designated "Confidential" for ten (10) days from the receipt of the initial deposition transcript.  During that 10-day period (or further period to the extent mutually agreed upon by the Parties), any Party who believes that portions of the deposition contain Confidential Information will mark the portions of the deposition transcript containing such information as "Confidential" and shall provide, by overnight mail, a copy of the deposition transcript to all counsel.  Only those portions of the transcript of the deposition designated "Confidential" shall be so treated.  All copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on

1  the cover, and if the portion(s) designated are filed with the Court, they shall be
2  filed in accordance with the procedure provided for in paragraph 8. Parties may
3  also designate deposition testimony as "Confidential" at the time deposition
4  testimony is provided.

5       5.    Except as otherwise provided herein, Information designated as
6  "Confidential" pursuant to this Stipulated Protective Order, and any information
7  contained therein, and any notes, abstracts, or summaries made therefrom, shall not
8  thereafter be disclosed in any manner to anyone other than to the following: the
9  Parties herein (including their present and former officers and employees directly
10 involved in the prosecution or defense of this action), their respective outside or in-
11 house counsel (including partners, associates, paralegals, and clerical and support
12 personnel), the Parties' experts and consultants, Court officials involved in this
13 action (including court reporters, persons operating video equipment at depositions,
14 and any special master or mediator appointed by the Court), deponents as set forth
15 in paragraph 7, and any mediator or other person presiding over formal alternative
16 dispute resolution sessions. All such "Confidential" materials shall be used solely
17 for the prosecution or defense of this action. If a Party wishes to disclose any
18 Confidential Information to any person not described in this paragraph, the Party
19 wishing to disclose the Information must provide the Designating Party five (5)
20 court days notice. However, each Party may disclose its own Confidential
21 Information without regard to this Protective Order, and such disclosure shall not
22 constitute a waiver of confidentiality.

23      6.    Any person to whom Information designated "Confidential" may be
24 disclosed pursuant to paragraphs 5, except the Parties' outside counsel (including
25 partners, associates, paralegals, and clerical and support personnel) and Court
26 officials involved in this action (including court reporters, persons operating video
27 equipment at depositions, and any special master or mediator appointed by the
28 Court), first shall be shown and shall read a copy of this Stipulated Protective Order

and shall agree in writing to be bound by its terms by signing a copy of the confidentiality acknowledgment attached as Exhibit A.  Counsel for the Party obtaining such a person's signature on Exhibit A shall retain the original signed document subject to further order of the Court.  Such persons shall certify, under penalty of perjury, that they will not use Information designated "Confidential" for any purpose other than conducting this litigation.  This provision shall not, however, limit any Party's ability to use its own Confidential Information in any way.

7. Counsel may show Information designated "Confidential" to a witness at a deposition and examine that witness concerning the same provided that examining counsel has a good faith basis for believing that the witness or deponent may have information or testimony pertinent to the Confidential Information.  Examining counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Stipulated Protective Order.  If the witness does not so agree, then neither the witness nor his counsel may retain the Confidential Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated "Confidential."  In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice (absent and contrary stipulation of counsel on the record), it will be used as if it had been signed.  The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designated as "Confidential."  If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph (absent any contrary stipulation of counsel on the record), the deposition transcript may be used as if it had been signed.

8.   The Parties agree to follow Federal Rule of Civil Procedure 5 with respect to all materials marked "Confidential" pursuant to this Protective Order.

## GENERAL PROVISIONS

9.   The designation of Information as "Confidential" shall not be considered conclusive or binding on the Parties, and such designation may be contested at any time.  The Party who objects to the designation of the Information as "Confidential" shall give written notice of the objection.  The Parties shall then attempt to resolve the dispute informally and in good faith.  If the Parties cannot resolve the dispute informally, the Designating Party shall have ten (10) business days from receipt of the written notice from the objecting Party made pursuant to this paragraph, or the date the Parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking the Court to resolve the issue.  If the motion is not filed within this time, then the "Confidential" designation shall be deemed waived.  If the motion is timely filed, the Party asserting confidentiality shall have the burden of proving that the Confidential Information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.  Prior to the determination of such a motion, the disputed Information shall be treated by the Parties as "Confidential."  If the motion is granted in favor of the objecting Party then the prevailing Party may disclose the Information.

10.   If at any time prior to three (3) years following the final conclusion of this lawsuit any Confidential Information protected by this Stipulated Protective Order is subpoenaed or requested by any court, administrative or legislative body, or person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information as "Confidential" so as to advise such Party

of the need to promptly obtain a protective order or act to quash the subpoena. The Party to whom the subpoena or other request is directed shall not produce the Confidential Information until the Party seeking to maintain confidentiality has had thirty (30) calendar days to obtain an appropriate order, unless required by law or Court order.

11. If a party desires to use a Designating Party's Confidential Information as an exhibit to a motion, it may do so only after filing the Confidential Information under seal and/or in connection with a motion that the Confidential Information be filed under seal.

12. Nothing contained herein shall prevent any Party from using Information designated as "Confidential" at trial in this matter, provided that the Party seeking to use the Information affords counsel for the Producing or Designating Party at least five (5) court days advance notice of the intent to use such Information. However, if such Information is to be used for impeachment at trial, the Producing Party need not give the Designating Party five (5) court days advance notice, but the Designating Party may make an oral motion for a protective order at trial when such Information is offered.

13. Producing or receiving materials or otherwise complying with the terms of this Stipulated Protective Order shall not:

    a. Prejudice the rights of any Party to object to the production of documents on any grounds, including an objection based on the contention that the document is not subject to discovery;

    b. Prejudice the rights of any Party to object to the authenticity or admissibility of any document, testimony, or evidence subject to this Stipulated Protective Order;

    c. Prejudice the right of any Party to seek this Court's determination whether particular information should be

          produced or should be subject to the terms of this Stipulated Protective Order;

    d.    Prejudice the rights of any Party to apply to this Court for a further protective order relating to any Information; or

    e.    Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information and to seek Court approval for such modification, if necessary.

14.    This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own Information.

15.    The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court has and retains jurisdiction during and after the termination of this action for the purpose of enforcing this Stipulated Protective Order. The provisions of this Stipulated Protective Order shall, absent written permission of the relevant Producing Parties or further order of this Court, continue to apply for three (3) years after the final conclusion of this action, including without limitation any appeals therefrom.

16.    Within sixty (60) days after termination of this litigation, including any appeals therefrom, the originals and all copies of Information designated as "Confidential" shall, at the direction of the respective Producing or Designating Parties, be destroyed or turned over to said Parties.

17.    This Stipulated Protective Order shall, subject to Court approval, be binding upon the Parties immediately upon the date of their respective signatures hereto. By signing, each Party agrees to comply with the terms of this Stipulated Protective Order and to be bound thereby. In the event that the Court does not enter into the Proposed Protective Order based upon this Stipulation, the Parties shall in good faith negotiate any terms which the Court finds objectionable.

18. In the event that additional persons become Parties to this action, they shall not, absent Court order, have access to Information designated as "Confidential" until the newly joined Party or its counsel of record confirms in writing that it agrees to be bound by the terms of this Stipulated Protective Order.

19. The Parties hereby declare that: (a) this Stipulated Protective Order is appropriate because the substantial volume of Information to be produced makes a document-by-document review impracticable and unduly burdensome, and because much of the Information to be produced includes confidential business information and confidential third-party information; (b) the Parties have cognizable interests in the materials sought to be protected, including but not limited to potentially highly sensitive trade secret and other highly confidential proprietary business information; and (c) disclosure of the material sought to be protected may cause serious harm to Defendants by exposing this confidential information to competitors.

20. The inadvertent production of information that is subject to a claim of any privilege or of protection as trial-preparation material shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the receiving party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production. Following the Producing Party's written notice of the inadvertent production, the receiving party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving party previously provided the information to third parties. The receiving party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information. If there is a disagreement as to whether the specified information is privileged or subject to

protection, the receiving party may present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other parties.

21. Entering into, agreeing to, and/or producing or receiving Information designated as "Confidential" or otherwise complying with the terms of this Stipulated Protective Order shall not operate as an admission by any Party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information.

22. Absent a specific order by a Court of competent jurisdiction, and except as provided below, all Information produced in connection with this litigation may be used solely in connection with the above-captioned action, and shall not be used for any business, proprietary, or commercial purpose.

23. All Parties participated in drafting this Stipulated Protective Order. Thus, the Parties agree that no particular party can be designated as the drafting party against whom any language can be strictly construed.

**SO ORDERED.**

DATED:
August 19, 2011

_____
THE HONORABLE STEPHEN J. HILLMAN
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____ declare:

1. I reside at _____.

2. I have read and understand the Stipulated Protective Order to which this Exhibit A is annexed, and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Stipulated Protective Order. I agree to be bound by the terms of the Stipulated Protective Order.

3. I will not divulge to persons other than those specifically authorized by the Stipulated Protective Order any information obtained pursuant to the Order, and will not copy or use such information except for the purposes of this litigation and only as expressly permitted by the terms of the Stipulated Protective Order. If I fail to abide by the terms of the Stipulated Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court.

4. By signing below, I hereby agree to submit to the jurisdiction of the courts of the State of California for resolving any and all disputes regarding the Stipulated Protective Order and this Confidentiality Acknowledgement. I further agree that any and all disputes regarding the Order and this Confidentiality Acknowledgement shall be governed by the laws of the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____.

_____
(Signature)

IRI-24866V1